IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STAN DENNISON, an individual, d.b.a. STA-NATURAL, and NATURE'S TREAT, LLC, an Oklahoma limited liability company, | Civil No. 07-6360-AA OPINION AND ORDER |
| Plaintiffs, | |
| vs. | |
| DAN ANGIER, an individual, and JODY MAY, an individual, jointly d.b.a. Sta-Natural.Com and hlpnatural.com, | |
| Defendants. | |

Barry L. Groce
McEwen Gisvold LLP
1100 Sixth Avenue, Suite 1600
Portland, Oregon 97204

Thomas A. O'Rourke
Bodner & O'Rourke, LLP
425 Broadhollow Road, Ste. 108
Melville, New York 11747
    Attorneys for plaintiffs

Page 1 - OPINION AND ORDER

Dan Angier
Jody May
1240 ½ River Road
Eugene, Oregon 97404
    Defendants Appearing Pro Se

AIKEN, Judge:

    Plaintiffs filed a motion for summary judgment asserting that they are entitled to judgment as a matter of law on their claim for trademark infringement. Plaintiffs' motion is granted and this case is dismissed.

## BACKGROUND

    Beginning early 2005, plaintiffs sold a variety of dietary and nutritional supplements under the trademark Sta-Natural. These sales occurred over the internet as well as through a network of distributors. Specifically, on or around January 1, 2005, plaintiffs created a website using the domain name StaNatural.com through which plaintiffs sold dietary supplements directly to the public. Plaintiffs' dietary supplements have sold on plaintiffs' website StaNatural.com continuously since 2005. Dennison Aff., ¶ 8, Ex. 3. On July 24, 2007, United States Trademark Registration No. 3,268,801 was issued by the United States Patent and Trademark Office for the trademark Sta-Natural for dietary supplements. Dennison Aff., ¶ 4, Ex. 1.

    Beginning in 2007, defendants Jody May and Dan Angier started selling competing dietary supplements through a website also using the domain name Sta-Natural.com. Jody May is a former

Page 2 - OPINION AND ORDER

customer of plaintiffs' Sta Natural products and has provided a testimonial on the benefits of plaintiffs' products on a DVD used by plaintiffs to sell its Sta Natural products. Plaintiffs contend that in no way are defendants affiliated with, authorized or sponsored by plaintiffs, and defendants have no authority to use the Sta-Natural trademark to identify their products or to advertise and promote their products.

## STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go

beyond the pleadings and identify facts which show a genuine issue for trial.  Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  T.W. Electrical, 809 F.2d at 630.

## DISCUSSION

To establish trademark infringement, plaintiffs must show that: (1) they are the owners of a valid protectable mark; and (2) the alleged infringer is using a confusing, similar mark.  15 U.S.C. § 1114(1); Brookfield Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1046 (9th Cir. 1999).  The parties do not dispute that plaintiffs are the owners of a valid protectable mark.  Plaintiffs' Sta-Natural mark is a registered trademark, U.S. Trademark Registration No. 3,268,801.  Plaintiffs' Certificate of Registration is "prima facie evidence of the validity of the registered mark."  15 U.S.C. § 1057(b), Plaintiffs' Ex. 1.  The registration is also prima facie evidence of "the registrant's exclusive right to use the mark in commerce on or in connection with the goods or services specified in the certificate."  15 U.S.C. § 1057(b).

Next, regarding whether the mark at issue is "confusing" or

Page 4 - OPINION AND ORDER

"similar," the Ninth Circuit has stated: "[w]hen the goods produced by the alleged infringer compete for sales with those of the trademark owner, infringement usually will be found if the marks are sufficiently similar that confusion can be expected." AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348 (9th Cir. 1979). Here, there is no dispute that the goods are identical - both parties are selling dietary supplements. Further, there is no dispute that the marks are identical - both parties are using Sta-Natural to identify their products. "The core element of trademark infringement is whether the similarity of the marks is likely to confuse customers about the source of the products." Interstellar Starship Servs. Ltd. v. Epix, Inc., 304 F.3d 936, 941 (9th Cir. 2002). Further, "evidence of actual confusion constitutes persuasive proof that future confusion is likely." Plaintiffs point to an instance of actual confusion by one of its distributors. See Plaintiffs' Ex. 36 (letter from plaintiffs' distributor expressing frustration at the confusion caused by defendants' use of Sta-Natural.com website). Finally, where the alleged infringer knowingly adopts a mark similar to another's, there is a presumption that the public will be deceived. See Sleekcraft, 599 F.2d at 354. Here, defendants knew of plaintiffs' trademark and of plaintiffs' products before deciding to use a nearly identical trademark on a competing product.

Regarding the validity of the Sta-Natural trademark,

Page 5 - OPINION AND ORDER

defendants must prove that the mark is descriptive rather than suggestive, and that plaintiffs' mark has not acquired a secondary meaning.  I find that plaintiffs' mark is suggestive rather than descriptive, in that, some amount of imagination is needed to associate "Sta-Natural" with plaintiffs' dietary supplements.  The term or mark Sta-Natural is not descriptive in that it does not describe any particular product.  Therefore, plaintiffs' mark is strong and this factor weighs in favor of finding a likelihood of confusion.  See Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 632 (9th Cir. 2005).  Because the Sta-Natural trademark is not descriptive, plaintiffs are not required to submit proof of secondary meaning in order for the mark to be protectable.  Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc., 198 F.3d 1143, 1147 (9th Cir. 1999).

    Finally, I find nothing in defendants' Concise Statement of Material Facts or in defendants' Response in Opposition to plaintiffs' motion that contradicts this analysis.  Defendants' do not argue or present any facts to controvert plaintiffs' claim that defendants are using an identical trademark to sell the identical types of products to the same general customers as plaintiffs.  Defendants argue only that "there is not enough evidence to claim use of plaintiffs['] mark on sta-natural.com[.] There is not enough evidence to claim that Sta-Young or Sta-natural.com are registered marks belonging to plaintiff.  There

Page 6 - OPINION AND ORDER

is not enough evidence to support a claim that the plaintiff or the public are being damaged." Defendants' Response, p. 4. There general allegations do not rise to a genuine disputed issue of material fact sufficient to controvert plaintiffs' motion for judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(e)(defendants "may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Here it is undisputed that plaintiffs' trademark Sta-Natural is a U.S. registered trademark. Plaintiffs' mark is therefore prima facie valid. It is similarly undisputed that defendants are using the identical trademark to Sta-Natural to sell competing goods to the general public. Therefore, as a matter of law, defendants are infringing plaintiffs' registered trademark Sta-Natural.

///

///

///

///

///

///

///

///

Page 7 - OPINION AND ORDER

CONCLUSION

Plaintiffs' motion for summary judgment (doc. 10) is granted.  This case is dismissed.

IT IS SO ORDERED.

Dated this  20  day of May 2008.


                              /s/ Ann Aiken
                            Ann Aiken
                  United States District Judge